UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>DAURIN MOREL-HELENA,<br><br>Defendant. | 09-CR-343<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 1, 2009, Daurin Morel–Helena pleaded guilty to a lesser-included offense within Count One of a two-count indictment, which charged that on April 20, 2009 the defendant imported heroin into the United States, in violation of 21 U.S.C. §§ 952 (a), 960 (a)(1), and (b)(3).

Morel–Helena was sentenced on July 5, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-three and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 46 and 57 months. The calculation of the total offense level included a four-point deduction because the defendant had a minor role in the offense, serving only as a courier and a three-point deduction for his early acceptance of responsibility. The offense carried a maximum term of imprisonment of twenty years. 21 U.S.C. § 963 (b)(3). The government moved for, and the court dismissed the remaining count.

Morel–Helena was sentenced to five years' probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Importation of heroin, a dangerous drug, is a serious offense. This crime, however, was defendant's first trip to the Dominican Republic for the purpose of bringing drugs into the country. He played a minor role in the overall scheme, serving only as a courier. While on pre-trial release over the past two years, Morel-Helena has held employment in construction, maintenance, and other temporary work. He resides with his girlfriend, their baby, and his girlfriend's young daughter from a previous marriage. Defendant provides financial support to his family, and his girlfriend corroborated that they share their rent and all living expenses equally. A sentence of five years' probation is appropriate in this case. The court takes into consideration that the defendant has already served time. A sentence of three years supervised release in addition to time served would not be sufficient. Five years' probation reflects the seriousness of the offense and will promote respect for the law, provide just punishment, and help prevent recidivism. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in importation of heroin will result in a substantial restriction on one's liberty. Specific deterrence is achieved through the impact the restrictions of probation will have on defendant's freedom. It is unlikely that he will engage in further criminal activity in light of his responsibilities to his young family, and his awareness that any future criminality is likely to result in a substantial prison term.

                                                                  _____
                                                                  Jack B. Weinstein
                                                                  Senior United States District Judge

Dated: July 6, 2011
       Brooklyn, New York

4